## Case No. 568.

### The ARTISAN.

[9 Ben. 106.] [1]

District Court, E. D. New York. April, 1877.

SEAMEN'S WAGES—CHARTERED VESSEL—LIABILITY OF OWNERS.

1. Where seamen were hired by a master of a steamer, who was put in charge by the char-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

terers of the vessel, under their contract with the owners, and after fifteen days labor in getting the vessel ready for sea, were discharged without pay, the voyage being given up: *Held,* That the seamen had a lien on the vessel for their wages, notwithstanding the charterers by the contract were to pay the crew;

[Cited in The International, 30 Fed. 376.]

[See The Samuel Ober, 15 Fed. 621; Hart v. The Enterprise, Case No. 6,151.]

2. The main duty of seamen being in ship's work, an incidental condition of their contract to do work on shore, does not deprive them of a lien upon the ship.

[Cited in The L. L. Lamb, 31 Fed. 34; The International, 30 Fed. 376.]

In admiralty.

Wm. G. Wilson, for libellants.

Owen & Gray, for claimants.

BENEDICT, District Judge. This action is brought by the crew of the steamer Artisan, to recover wages for services performed on board that steamer, in the port of New York. It appears that the steamer had been chartered by Howes & Cushing, for a period of six months, to be used in transporting a circus company intending to exhibit in various parts of South America. By the charter, the charterers were to furnish the master and crew. Accordingly a master was appointed by the charterer, who took command of the vessel and shipped the libellants as the crew. The libellants went on board and worked some fifteen days in ship's work, getting the ship ready for sea, when the adventure was abandoned and the crew was discharged without any payment whatever. Whereupon they instituted this action against the vessel to recover for labor actually performed by them on board the vessel, and for their expenses for board during that period.

The owners of the vessel have intervened and contest the demand, first, upon the ground that inasmuch as between them and the charterers, the wages of the crew were to be borne by the charterer, no lien attached to the vessel. This ground is untenable. There may be cases where a lien is created upon a ship without any personal liability attaching to the owners of the ship. This is such a case. This crew was hired by one permitted by the owners to be on board and in command of the vessel, as the master thereof, with apparent and actual authority to hire the ship's crew. Sailors employed in the ordinary method by the master of a vessel and working on board thereof in ship's work, have a lien upon the vessel, whoever may be liable as owner of the vessel. The credit of the ship is presumably an element in every mariner's contract, and strong evidence should be required to prove its absence. No such evidence is here presented.

A second ground of objection is that it was part of the contract of the crew to work on shore for the circus company when the vessel should be in port, and their serv-

ices be required. The testimony does not very clearly show such a feature of the contract, but if it were shown no defence to the demand would be made out.

The main and principal duty provided for by the contract, was that of navigating the ship. Any labor on shore when the vessel was in port would be merely incidental and not sufficient to deprive the contract of its maritime character. See The Canton, [Case No. 2,388;] The Brookline, [Id. 1,937;] The Charles F. Perry, [Id. 2,616.]

The libellants are entitled to a decree for the amounts they have respectively shown by their depositions to be due.